FILED
2008 Oct-17 PM 12:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLY RAY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:06-cv-01375-WMA-RRA |
| | ) |
| CHERYL PRICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on September 23, 2008, recommending that this action be dismissed as moot, because of the plaintiff's transfer from the prison facility where the alleged violations of his First Amendment rights were occurring. The plaintiff filed objections on October 2, 2008.

The gist of the plaintiff's objection is that his claims did not become moot after his transfer from the Bibb County Correctional Facility because the ADOC Commissioner is named as a defendant and because similar violations occur throughout the ADOC facilities. However, the claims in the amended complaint are based upon events occurring at the Bibb facility and, with the exception of the Commissioner of the ADOC, are asserted against defendants at that facility.[1] More

---

[1] That portion of the plaintiff's claims regarding enforcement of the consent decree in *Limbaugh v. Thompson* were dismissed by the Middle District on July 13, 2006. The only claim against the Commissioner not expressly based upon the consent decree is plaintiff's "claim 4" in which he alleges that a February 2, 1999, memorandum from Commissioner Haley is "discriminatory in nature" because it does not allow a work proscription for Native American sacred days while allowing work proscriptions for other religious holidays. (Exhibit I to Amended Complaint, Middle District Doc. #6). However, that document clearly shows and Chaplain Smith confirms that there are no work proscriptions for *any* religious events. (*See* Affidavit of Chaplain Roy Smith, Doc. #1-17, Middle District Doc. #21). Accordingly, the plaintiff's claim in that regard is facially groundless and therefore cannot be used as a basis to avoid dismissal on mootness grounds .

importantly, this action has not been afforded class action status and any claims for violations of his constitutional rights occurring at the present facility may be asserted by the plaintiff in a new and separate action.[2]

Finally, the plaintiff asserts that money damages may be awarded under the RLUIPA (42 U.S.C. § 2000cc) for violations of sincerely held religious beliefs. However, the magistrate judge correctly notes that the plaintiff would not be entitled to compensatory damages because of the provisions of 42 U.S.C. § 1997e(e) and that the plaintiff has failed to adequately assert, and the court is not obliged to infer, a claim for nominal damages. In fact, in his two responses to the defendants' special report, the plaintiff expressly states: "*In the amended complaint the plaintiff does not ask for monetary relief but only asks for injunctive relief.*" (Doc. #4, page 28 and Middle District Exhibit #23).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and his recommendation is ACCEPTED. The plaintiff's claims have become moot and this action is due to be dismissed without prejudice  A Final Judgment will be entered.

DONE this the 17th day of October, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In that regard, it seems clear that it would be error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action. *See Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975).